IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



FILED
06 OCT 12 PM 2:52
CLERK - LAS CRUCES

CIV 06 - 987

Robert H. Scott

Lourdes A. Martinez

| | |
|---|---|
| JESUS DANIEL CHAVEZ | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | §   No. |
| | § |
| UNION PACIFIC RAILROAD | § |
| COMPANY | § |
| | § |
| Defendant. | § |

### PLAINTIFF'S ORIGINAL COMPLAINT

To the Honorable Judge of said Court:

COMES NOW, JESUS DANIEL CHAVEZ, hereinafter called Plaintiff, complaining of UNION PACIFIC RAILROAD COMPANY, hereinafter referred to as Defendant, and for cause of action would show:

### I. JURISDICTION

1. Jurisdiction is founded on Federal Employees' Liability Act, 45 USC, §§ 51-60, popularly referred to as FELA.

### COUNT 1

2. At all times material hereto Plaintiff was a legal resident of Tularosa, Otero County, New Mexico. Defendant is and was a corporation duly organized, created and existing and by virtue of the laws of the State of Delaware, with principal place of business in Omaha, Nebraska, as a railway company and interstate commerce, and Plaintiff was at all times herein material, in the employ of said Defendant in such interstate railroad commerce. Defendant may be served with summons by serving

its registered agent for service of process in New Mexico, CT Corporation System, at 123 E. Marcy St., Santa Fe, New Mexico, 87501.

## II. FACTS

3.     As a part of Defendant's said system of railway extended into and through the City of Orogrande, Otero County, New Mexico, where it maintained switching yards; that on or about the 15th day of December 2004, Plaintiff was in the employ of Defendant as a switchman/conductor; that at and about 9:30 o'clock in the evening, while in the usual and customary performance of his duties, and when he was located on the rear unit of a connected series of cars that was being backed for switching to stationary cars on a siding by a student engineer at Defendant's yard at the City of Orogrande, Otero County, New Mexico, by reason of said student engineer's negligent operation of one of its diesel locomotives with respect to speed, lookout, management and control, and failure to give any kind of warning as to the approach of said locomotive and the connected cars, Plaintiff was caused to be in threat of a collision of the car upon which he was riding as it approached at an excessive rate of speed, a stationary car for coupling, and the apparent collision, and was in eminent danger of being thrown from the car by the force of the oncoming collision when he jumped from the car on which he was riding, and as a result thereof was severely and permanently injured when he hit the ground as hereinafter set forth.

## III. DAMAGES

4.     By reason of the negligence of the student engineer, as aforesaid, acting within the apparent scope and course of his employment with Defendant, Plaintiff was caused to sustain an injury to his left and right shoulders, emanating into his left and right arm, for which he has sought medical

treatment, but for which he has not been cured, but instead has painful and evidently permanent disability.

IV.

5.  By reason of sustaining said injuries Plaintiff has in the past, and will in the future, be required to incur and pay out various sums of money for necessary medical and hospital care and attention and medications; that he has in the past, and will in the future sustain a loss of substantial sums of money for such medical expenses, past, present and future pain and disability, by reason of his painful and permanent injury and disability.

V.

6.  By reason of the foregoing, Plaintiff has sustained damages at the hands of the Defendant in the sum of $250,000.00.

## COUNT 2

In the alternative, but without waiving the above, Comes now, the Plaintiff, and alleges:

I.

7.  Plaintiff realleges Paragraphs I and II of the foregoing Count 1.

II.

8.  A part of Defendant's said system of railway extended into and through the City of Orogrande, Otero County, New Mexico, where it maintained various switching yards and sidings; that on or about the 15th day of December, 2004, the Plaintiff was in the employ of the Defendant as a switchman/conductor; and that at and about 9:30 in the evening, while in the usual and customary performance of his duties and when he was located on a car being backed into a siding for coupling with some stationary cars in Defendant's yard at the City of Orogrande, State of New Mexico, by

reason of Defendant's violation of 49e-CFR, Part 214, Railroad Workplace Safety, §214.343 of the Interstate Commerce Commission, in assigning an employee to perform the duties of a roadway worker, unless that employee has received training in the on-track safety procedures associated with the assignment to be performed, and that employee has demonstrated the ability to fulfill the responsibilities for on-track safety that are required of an individual railway worker performing that assignment.

### III.

9.  Plaintiff realleges Paragraphs III and IV of the first cause of action.

### COUNT THREE

In the alternative, but without waiving the above, Comes now, the Plaintiff, and alleges:

### I.

10. Plaintiff realleges Paragraphs I and II of the foregoing Counts One and Two.

### II.

11. Plaintiff is informed and upon information and belief alleges, that a student engineer was operating the switching and coupling operation on the locomotive controlling the train which was being backed into stationary cars for coupling on or about the 15th day of December, 2004, at night, at approximately 9:30 o'clock p.m. The student engineer was not properly supervised and controlled at the time of the event, and operated the locomotive and train at an unsafe rate of speed under the circumstances then and there existing and in violation of 49e-CFR, Parts 217 and 240, in general, and in particular, §§217.11, 240.125, 240.127, 240.201, 240.203, 240.211, 240.213, 240.221, 240.223, and 240.229, in essentially permitting an unskilled and unqualified student engineer to perform a dangerous operation at night, at an excessive rate of speed under the circumstances then and there

existing, and either without adequate supervision or with a supervisor that permitted unsafe operation, placed Plaintiff in danger of being thrown from the train at an eminent collision.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of $250,000.00 together with the costs and disbursements of this action incurred herein.

### IV.

12. By reason of the foregoing Plaintiff has sustained damages at the hands of the Defendant in the amount of $250,000.00.

### V. JURY DEMAND

13. Plaintiffs request trial by jury of their claims in this case.

### VI. PRAYER FOR RELIEF

14. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be summoned to appear and answer herein, and that upon final hearing, Plaintiff have judgment over and against Defendant in the amount of $250,000.00 with prejudgment and post-judgment interest as permitted by law, all costs of court in this behalf expended, and such other and further relief, special or general, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

GUEVARA, REBE, BAUMANN, COLDWELL & REEDMAN, LLP
Attorneys at Law
4171 N. Mesa, Suite B-201
El Paso, Texas 79902
Office: (915) 544-6646; Fax: (915) 544-8305

By: _____
COLBERT N. COLDWELL
New Mexico Bar No. 3732
Attorneys for Plaintiffs